UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRACY ZIGLER, et al.,

              Plaintiffs,

      v.

LYFT, INC.,

              Defendant.

Case No. 26-cv-00575-EMC

**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO SHORTEN DEADLINE**

Docket No. 57

United States District Court
Northern District of California

Plaintiffs have filed suit against Defendant Lyft, Inc., contending in essence that the company engaged in false advertising with respect to its "Priority Pickup" and "Standard" services. *See* FAC ¶ 3 (alleging that "customers pay more for the promise of a predictable and faster pickup" but the Priority Pickup and Standard rides frequently failed to arrive at the advertised times). Lyft has filed two motions in response to the suit: (1) a motion to dismiss based on lack of standing and (2) a motion to compel arbitration. *See* Docket Nos. 46-47 (motion to dismiss and motion to compel arbitration). Lyft has expressly noted that the motion to compel arbitration is made "solely in the alternative." Docket No. 47 (Mot. at 1).

Now pending before the Court is an administrative motion filed by Plaintiffs. In the motion, Plaintiffs note that they have propounded discovery on Lyft. Plaintiffs contend the discovery is needed to respond to Lyft's motion to compel arbitration (*i.e.*, to demonstrate the unconscionability of the arbitration agreement). Plaintiffs argue that:

/ / /

/ / /

/ / /

United States District Court
Northern District of California

(1) Lyft should be ordered to file its discovery responses to the interrogatories and documents requests on shortened time;

(2) Because those responses will likely contain objections, Plaintiffs should be permitted to file a motion compel discovery on shortened time;

(3) If the Court grants the motion to compel discovery, Lyft should be ordered to provide the discovery no later than the date it files its reply brief in support of its motion to compel arbitration; and

(4) Plaintiffs should then, in effect, be given an opportunity to file a sur-reply in opposition to the motion to compel arbitration – *i.e.*, a brief that addresses the discovery produced by Lyft.

As an initial matter, the Court notes that Plaintiffs did not sufficiently meet and confer with Lyft before filing this motion. Plaintiffs admit as much in their papers. *See* Vitale Decl. ¶ 14 (noting that "[t]he parties are scheduled to meet and confer Monday morning [April 20, 2026], and will update the Court of any further developments"). The Court also notes that discovery-related issues are to be raised with the Court via joint letter. *See* https://cand.uscourts.gov/sites/default/files/standing-orders/EMC-Standing-Order-Civil-Discovery.pdf (standing order).

In addition, Plaintiffs' proposal is inefficient. If discovery is needed for the motion to compel arbitration, then it makes little sense for there to be briefing on the motion to compel arbitration to be completed and then tack on a sur-reply.

Given that Lyft's motion to compel arbitration is submitted in the alternative to its motion to dismiss for lack of standing, the Court shall proceed as follows.

1.    The briefing and hearing schedule for Lyft's motion to compel arbitration is temporarily **VACATED**. The Court shall address first Lyft's motion to dismiss based on lack of standing.

/ / /

/ / /

/ / /

2.      If the Court denies the motion to dismiss, then the parties shall meet and confer regarding the discovery sought with respect to Lyft's motion to compel arbitration.  These discovery disputes should be resolved before the briefing on the motion to compel arbitration is completed and the hearing on the motion to compel arbitration is heard.

For the foregoing reasons, the Court denies Plaintiffs' administrative motion for relief.

This order disposes of Docket No. 57.

**IT IS SO ORDERED**.

Dated: April 20, 2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

3