**JANOVE PLLC**
Raphael Janove (SBN 361193)
raphael@janove.law
115 Broadway, 5th Floor
New York, NY 10006
Telephone: (646) 347-3940

**JANOVE PLLC**
Liana Roza Vitale (SBN 348772)
liana@janove.law
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
Telephone: (805) 505-9550

***Attorneys for Plaintiffs and the Proposed Class***

JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO**

TRACY ZIGLER, LUCY YE, and BRIAN ROBEY, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

LYFT, INC.,

Defendant.

Case No. 3:26-cv-575-EMC

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S SECOND MOTION TO DISMISS UNDER RULE 12(b)(1)**

Judge: Hon. Edward M. Chen
Date: May 15, 2026
Time: 9:00 a.m.
Courtroom: 5 – 17th Floor

JANOVE PLLC
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
115 Broadway, 5th Fl.
New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103

## TABLE OF CONTENTS

INTRODUCTION ........ 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ........ 3

LEGAL STANDARDS ........ 4

ARGUMENT ........ 5

I. Each Plaintiff Has Standing Based on Their Purchases of Lyft Rides. ........ 6

A. Plaintiff Zigler Has Standing. ........ 6

B. Plaintiff Ye Has Standing. ........ 12

C. Plaintiff Robey Has Standing. ........ 14

II. All Plaintiffs Have Standing to Pursue Injunctive Relief. ........ 16

III. All Plaintiffs Have Standing to Pursue Declaratory Relief. ........ 17

IV. In the Alternative, Plaintiffs Should be Granted Leave to Amend. ........ 17

CONCLUSION ........ 18

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

## TABLE OF AUTHORITIES

**Cases**

*Aleisa v. Square, Inc.*,
493 F. Supp. 3d 806 (N.D. Cal. 2020) ........ 5, 6

*Almeida v. Google, Inc.*,
2009 WL 3809808 (N.D. Cal. Nov. 13, 2009) ........ 12

*Barnes & Noble, Inc. v. LSI Corp.*,
823 F. Supp. 2d 980 (N.D. Cal. 2011) ........ 7, 9

*Beslity v. Manhattan Honda, a Div. of Dah Chong Hong Trading Corp.*,
467 N.Y.S.2d 471 (N.Y. App. Term 1983) ........ 15

*Bowen v. Energizer Holdings, Inc.*,
118 F.4th 1134 (9th Cir. 2024) ........ 2, 5

*Ceska Zbrojovka Defence SE v. Vista Outdoor, Inc.*,
79 F.4th 1255 (10th Cir. 2023) ........ 10

*ConnectU LLC v. Zuckerberg*,
522 F.3d 82 (1st Cir. 2008) ........ 9

*CZ v. Vista Outdoor, Inc.*,
2022 WL 1211106 (D. Kan. Apr. 25, 2022) ........ 10

*Daugherty v. Padagis US LLC*,
794 F. Supp. 3d 674 (N.D. Cal. 2025) ........ 5

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) ........ 17

*Evenchik v. Avis Rent A Car Sys., LLC*,
2013 WL 2301224 (S.D. Cal. May 24, 2013) ........ 11

*Focht v. Sol Melia S.A.*,
2010 WL 3155826 (N.D. Cal. Aug. 9, 2010) ........ 16

*Hain Celestial Grp., Inc. v. Palmquist*,
146 S. Ct. 724 (2026) ........ 7

*Hedayatzadeh v. City of Del Mar*,
2020 WL 7770910 (S.D. Cal. Dec. 30, 2020) ........ 11, 16

*iControl Networks, Inc. v. Alarm.com Inc.*,
2013 WL 9838105 (E.D. Va. Dec. 11, 2013) ........ 12

*In re Facebook Priv. Litig.*,
192 F. Supp. 3d 1053 (N.D. Cal. 2016) ........ 13

*In re Flash Memory Antitrust Litig.*,
2010 WL 2465329 (N.D. Cal. June 10, 2010) ........ 11

*In re Gen. Motors LLC Ignition Switch Litig.*,
339 F. Supp. 3d 262 (S.D.N.Y. 2018) ........ 15

*In re Google Referrer Header Priv. Litig.*,
465 F. Supp. 3d 999 (N.D. Cal. 2020) ........ 13

*Lacey v. Maricopa Cnty.*,
693 F.3d 896 (9th Cir. 2012) ........ 1, 4

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
350 F.3d 1018 (9th Cir. 2003) ........ 11

*Newman-Green, Inc. v. Alfonzo-Larrain*,
490 U.S. 826 (1989) ........ 1, 10

*Northstar Fin. Advisors Inc. v. Schwab Invs.*,
779 F.3d 1036 (9th Cir. 2015) ........ 10

*O'Neill v. Standard Homeopathic Co.*,
346 F. Supp. 3d 511 (S.D.N.Y. 2018) ........ 16

*Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assur. Co.*,
700 F.2d 889, (2d Cir. 1983) ........ 11

*Ramat v. Nielsen*,
317 F. Supp. 3d 1111, (S.D. Cal. 2018) ........ 7

*Ramirez v. Cnt'y of San Bernardino*,
806 F.3d 1002 (9th Cir. 2015) ........ 7

*Royal Canin U.S.A., Inc. v. Wullschleger*,
604 U.S. 22 (2025) ........ 1, 7

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) ........ 5

*Staley v. Gilead Scis., Inc.*,
2021 WL 5906049 (N.D. Cal. Dec. 14, 2021) ........ 11

*Summers v. Earth Island Inst.*,
555 U.S. 488 (2009) ........ 17

*Sundby v. Landau*,
2024 WL 3588528 (C.D. Cal. July 29, 2024) ........ 12

*Van v. LLR, Inc.*,
61 F.4th 1053 (9th Cir. 2023) ........ 5, 15

*Van v. LLR, Inc.*,
962 F.3d 1160 (9th Cir. 2020) ........ 15

*Williams v. Cnty. of Alameda*,
26 F. Supp. 3d 925 (N.D. Cal. 2014) ........ 4

**Statutes**

Cal Civ. Code § 1060 *et seq* ........ 17

Federal Declaratory Judgment Act ........ 17

**Other Authorities**

*Relation Back of Amendments Adding Plaintiffs Under Rule 15(c)*,
66 Okla. L. Rev. 113 (2013) ........ 10

979 Osos St., Ste. A5
San Luis Obispo, CA 93401
115 Broadway, 5th Fl.
New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103

JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

Plaintiffs submit this memorandum of points and authorities in opposition to Defendant's second Rule 12(b)(1) motion (Dkt. 46), seeking to dismiss Plaintiffs' first amended complaint (Dkt. 23) ("Am. Compl.").

## INTRODUCTION

As this Court has already explained to Defendant, "an amended complaint supersedes the original complaint and renders it without legal effect." Dkt. 42 (quoting *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012)). Lyft concedes that Plaintiff Zigler has standing to assert the claims she alleges in the operative amended complaint; its motion to dismiss her claims should therefore be denied. Lyft's misguided argument that plaintiffs have no power to amend their complaints as of right to address jurisdictional issues writes an illogical and atextual exception into the plain language of Rule 15. And it ignores the vast body of authority to the contrary, including the Supreme Cout's recent decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025). As the Supreme Court unanimously held: "[A] bevy of rules hing[e] federal jurisdiction on the allegations made in an amended complaint, because that complaint has become the operative one. . . ." *Id.* at 30. This reflects "Congress's usual view of how amended pleadings can affect jurisdiction. On that view, apparent in varied federal statutes, an amendment can wipe the jurisdictional slate clean, giving rise to a new analysis with a different conclusion." *Id.* at 34 (citations omitted). Lyft's position cannot be reconciled with any of these authorities.

That the vast weight of authority is against Lyft's position is unsurprising because Lyft's position also makes no sense. Lyft does not argue that Plaintiff Zigler cannot pursue her claims. It just argues that the Court should dismiss the case and make her refile it solely because she originally described Lyft's deceptive fares as "Priority Pickup" rides (as she recalls paying extra for faster and more predictable pickups), but the rides Lyft lied to her about actually had a different name. One benefit of Rule 15(a)'s amendment as of right procedures is that they avoid all of the pointless burden and delay that Lyft's position would create. By contrast, Lyft's reading of Rule 15 would create perverse incentives for Defendants to waste time with unnecessary motion practice to impede resolution of claims. *Cf. Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837 (1989) ("If the

979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103
JANOVE PLLC

entire suit were dismissed, Newman–Green would simply refile … [it] should not be compelled to jump through these judicial hoops merely for the sake of hypertechnical jurisdictional purity.”).

Lyft’s arguments about Plaintiff Ye and Plaintiff Robey are also meritless. Lyft concedes that the complaint’s allegations are sufficient to establish their standing. So, it asks the Court to consider Lyft’s cherry-picked evidence giving the false impression that there are questions about whether these Plaintiffs have been harmed by Lyft in the ways that they allege. As Plaintiffs’ declarations submitted with this motion establish, *and as Lyft is surely aware based on its own detailed records of their rides*, Lyft has charged each Plaintiff premium prices for rides that were marketed as having a faster and more predictable arrival time, but that in fact were delayed and unpredictable. Ye Decl. ¶¶ 3–6; Robey Decl. ¶¶ 7–9. These include rides that Plaintiffs Ye and Robey paid for with their own personal funds. Ye Decl. ¶ 5; Robey Decl. ¶ 9.

Lyft has also harmed these Plaintiffs by causing them multiple other injuries sufficient to establish Article III standing. This includes time wasted as a result of Lyft’s deceptive marketing, depriving them of the promised benefit of programs like Lyft Pink, and the lost time-value of premiums unjustifiably charged for rides even if those rides were ultimately reimbursed. And because all of Lyft’s standing arguments are intertwined with the merits, the Court should “construe disputed issues of fact in favor of” Plaintiffs. *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1139 (9th Cir. 2024). The facts here easily establish standing under the relevant standards.

Finally, there is no reason for the Court to reward Lyft’s tactics in submitting to the Court only the factual information that it prefers to share in support of its arguments, while concealing other information in its possession that shows Plaintiffs have standing. Again, Lyft’s litigation conduct mirrors the unconscionable provisions of its dispute resolution terms, and provides evidentiary support for Plaintiffs’ argument that the notice of dispute provisions in its Terms are designed solely to impede and delay claims. There is no legitimate reason why Lyft should move to dismiss claims for lack of standing when its own records show that Plaintiffs were injured in precisely the ways they allege, just as there is no legitimate reason for the lengthy and detailed pre-arbitration process required by Defendant’s dispute resolute terms. These are not attempts to weed

JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

out false claims or ensure a fair process; they are purely tactical maneuvers designed to stall resolution of claims and deter Plaintiffs from pursuing claims against Lyft. Such provisions are unconscionable in the dispute resolution terms, and Lyft's tactics should be rejected here as well.

The Court should deny the motion to dismiss in its entirety. Further, if Lyft wants the Court to resolve factual disputes about Plaintiffs' injuries, Lyft should produce complete information about Plaintiffs' rides, so that any decision can be based on a more accurate record, and not Lyft's misleading and one-sided presentation.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On January 20, 2026, Plaintiff Zigler filed this action against Lyft. Dkt. 1. Her original pleading complained about Lyft's charging more for purportedly faster fares that do not actually arrive any faster than less expensive options. As she alleged, this a frequent occurrence in her interactions with Lyft. The original complaint included an exemplary fare where Lyft charged for a faster pickup that it did not actually provide.

Lyft filed a motion to dismiss under Rule 12(b)(1). It argued that Ms. Zigler was mistaken in describing her fare as a "Priority Pickup," and therefore lacked standing to pursue the claims asserted in the original Complaint. Dkt. 18. In response, she filed an amended complaint as of right under Rule 15(a) on March 17, 2026. Dkt. 23. The amended complaint addressed the issue raised by Lyft and reiterated her key point that Lyft's fares frequently fail to arrive on the expedited schedule Lyft promises, even though Lyft charges users a premium anyway.[1] The changes to Plaintiff Zigler's claims were relatively minimal, as shown in the redline submitted at Dkt. 36-1.

In her amended complaint, Plaintiff Zigler (and Plaintiffs Ye and Robey) assert the same and additional claims against Lyft for its deceptive advertising of higher priced services, including Priority Pickup, as being faster and more predictable than other cheaper fare options. Dkt. 23. The

[1] As Ms. Zigler explained in the amended complaint, she recalls choosing the fastest ride option available even though it was more expensive, then receiving a shifting sequence of assigned drivers that did not arrive within the promised time frame. Her Lyft history does not show the full sequence of shifting times and reassigned drivers, but only the driver that eventually completed the ride (long after she originally ordered one from Lyft). She specifically recalls a decision to pay more for a faster ride and a related contemporaneous discussion of Lyft's failure to provide one. Am. Compl. ¶ 5 n.1.

JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

amended complaint includes another example of Lyft charging Ms. Zigler more for a ride that did not arrive as promised. *Id.* ¶ 5. Lyft does not dispute that Plaintiff Zigler had standing to assert these claims when the initial complaint was filed, even if she originally described them slightly differently.

Further, Lyft has now submitted three sworn declarations containing facts from Lyft's very detailed records about Plaintiffs' rides. Dkt. 18-1, 35-1, 46-1. Lyft even put in a factual declaration just to take issue with Ms. Zigler describing as "her rides," the rides she ordered and paid for (including the unjustified price premium for a supposedly faster and more predictable arrival time), when Lyft asserts she ordered them for someone else based on GPS location data. Dkt. 35-1; Dkt. 35, n.1. These arguments are not relevant to the motion to dismiss, and Lyft does not even argue that Plaintiff Zigler lacks standing on this basis. But it is telling that Lyft has now submitted three declarations—all confirming Lyft has very detailed data about Plaintiff Zigler's rides—and has never disputed her core allegation that Lyft charged extra for services it did not deliver.

Even after Plaintiffs filed the amended complaint, Defendant insisted that the Court should rule on Lyft's motion to dismiss the no-longer-operative original complaint because, according to Lyft, Plaintiff Zigler could never amend the original complaint. *See* Dkt. 35. The Court rejected Lyft's theory and denied Lyft's motion as moot. Dkt. 42 ("Because the FAC is the operative pleading under Federal Rule of Civil Procedure 15(a)(1)(A), any renewed response by Defendant shall direct its attention to the allegations contained in the FAC."); *see id.* (quoting *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) ("[T]he general rule is that an amended complaint supersedes the original complaint and renders it without legal effect.") and quoting *Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 936 (N.D. Cal. 2014) ("[I]t is well-established that an amended pleading supersedes the original pleading and renders it of no legal effect, unless the amended complaint incorporates by reference portions of the prior pleading.")).

## LEGAL STANDARDS

To demonstrate standing, each Plaintiff must show (1) a concrete injury in fact; (2) fairly traceable to Lyft's conduct; that (3) is likely to be redressed by a favorable decision from this Court.

JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

*See Aleisa v. Square, Inc.*, 493 F. Supp. 3d 806, 810 (N.D. Cal. 2020) (Chen, J.) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), and describing elements of standing). "Any monetary loss, even one as small as a fraction of a cent, is sufficient to support standing." *Van v. LLR, Inc.*, 61 F.4th 1053, 1064 (9th Cir. 2023).

In resolving a factual attack to Article III standing under Rule 12(b)(1), "unlike with a motion to dismiss under Rule 12(b)(6), the Court 'may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.'" *Daugherty v. Padagis US LLC*, 794 F. Supp. 3d 674, 685 (N.D. Cal. 2025) (Chen, J.) (citation omitted).

In reviewing this evidence "a district court faced with a factual challenge to its exercise of jurisdiction may resolve disputed facts as to purely jurisdictional questions, [but] it may not do so when those jurisdictional questions are intertwined with the merits of a claim. When the jurisdictional and merits issues are inseparable, the court must treat a factual attack on jurisdiction as a motion for summary judgment and construe disputed issues of fact in favor of the nonmoving party." *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1139 (9th Cir. 2024) (reversing district court opinion that improperly resolved a 12(b)(1) motion in the defendants' favor by ruling on materially disputed factual issues about whether Plaintiff was injured by false advertising).

## ARGUMENT

Contrary to the Court's instruction and the authorities cited in its April 1, 2026 Order, Lyft's motion to dismiss the amended complaint focuses first and primarily on arguing that Plaintiff "Zigler lacked Article III standing from the outset" and so could never amend her complaint. Dkt. 46 at 6:10–11; *id.* at 6–11. That is, Lyft continues to direct its attention to the allegations in the original rather than the amended complaint.

Further, by Lyft's own admission, its motion "mainly" raises a factual challenge, *i.e.* it "disputes the truth of allegations that otherwise would give rise to federal jurisdiction," and asks the Court to "consider evidence extrinsic to the complaint." Dkt. 46 at 5:28–6:2–3. Lyft therefore concedes that the amended complaint's allegations are sufficient to establish standing.

Because Lyft asks the Court to go beyond the amended complaint's allegations and consider

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

additional evidence going to the merits of the dispute, Plaintiffs are also submitting declarations containing additional details about their Lyft rides.[2] Notably, Lyft's submission makes clear that it already has access to all of this information and more. So what Lyft's motion actually seeks is to have the Court resolve a factual dispute in Lyft's favor based on its knowingly one-sided presentation of evidence, and to take advantage of the information disparity between the parties in order to present an inaccurate narrative suggesting that Plaintiffs have not been harmed by Lyft in the ways that they allege.

In reality, as Plaintiffs' allegations and declarations establish, Lyft has charged each Plaintiff premium prices for rides that were marketed as having a faster and more predictable arrival time, but that in fact were delayed and unpredictable. Each Plaintiff therefore suffered multiple different legally cognizable and concrete injuries traceable to Lyft's conduct that are likely to be redressed by a favorable decision, and each Plaintiff has standing to pursue the claims asserted in the amended complaint. *Aleisa*, 493 F. Supp. 3d at 810. Lyft clearly has more detailed information than Plaintiffs establishing these facts and Plaintiffs' standing, but made its motion anyway.

Further, to the extent the evidence is subject to any dispute, all disputed issues must be resolved in Plaintiffs' favor for purposes of this motion. For these reasons, and as demonstrated in more detail below, Lyft's motion to dismiss should be denied.

## I. Each Plaintiff Has Standing Based on Their Purchases of Lyft Rides.

### A. Plaintiff Zigler Has Standing.

With respect to Plaintiff Zigler, Defendant does not dispute that she has standing to assert the claims made in the amended complaint. That is, Defendant concedes that Plaintiff Zigler has standing to assert claims that Lyft frequently promised, and charged her for, faster arrival times and more predictable pickups, but did not deliver. Nonetheless, Lyft insists that because she originally described the deceptive fares as "Priority Pickup" rides (because she recalls paying extra for faster

---

[2] Lyft does not make any factual challenge with respect to Plaintiff Zigler. Rather, it relies solely on its misguided arguments that she could never amend her original claims. Dkt. 45 at 6-11. As Lyft concedes her standing to assert the claims in the amended complaint (although it disputes her right to file it), she is not submitting a declaration.

JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

and more predictable pickups), no amended complaint can ever be viable if her rides were not "Priority Pickups." Dkt. 46 at 6–11.

This position is illogical and not supported by any authority. On the contrary, courts regularly recognize that standing arguments can be addressed through amended complaints, or factual declarations. If Lyft's conceptual framework were correct, no Plaintiff could ever amend its complaint to clarify the name of the product purchased. That is not the law.

"As the Supreme Court has explained, when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction. . . . While later events may not create jurisdiction where none existed at the time of filing, the proper focus in determining jurisdiction are the facts existing at the time the complaint *under consideration* was filed." *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 984 (N.D. Cal. 2011) (Chen, J.) (emphasis in original) (cleaned up). Lyft's authorities agree—standing is generally determined "based on the state of facts that existed at the time of filing." Dkt. 46 at 6:17 (quoting *Hain Celestial Grp., Inc. v. Palmquist*, 146 S. Ct. 724, 730 (2026) (citation omitted)). And "[i]t is well-established in [the Ninth] circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. Cnt'y of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (cleaned up).[3]

As Justice Kagan explained in a recent unanimous Supreme Court decision, "a bevy of rules hing[e] federal jurisdiction on the allegations made in an amended complaint, because that complaint has become the operative one." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025). This "accords with Congress's usual view of how amended pleadings can affect jurisdiction. On that view, apparent in varied federal statutes, an amendment can wipe the jurisdictional slate clean, giving rise to a new analysis with a different conclusion." *Id.* at 34. (citing as exemplary 28 U.S.C. § 1653, which specifically allows that "'[d]efective allegations of

[3] Accordingly, as this Court has already held, amendments that are timely made under Rule 15(a)(1) moot a pending motion to dismiss, even where a defendant raises a factual challenge to jurisdiction in a Rule 12(b)(1) motion. Dkt. 42; *Ramat v. Nielsen*, 317 F. Supp. 3d 1111, 1113 n.1 (S.D. Cal. 2018) (denying Rule 12(b)(1) motion to dismiss which raised a factual—not facial—challenge as moot after plaintiff amended complaint as of right under Rule 15(a)(1)).

JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

jurisdiction may be amended' to ensure that a case can go forward. So, a case falling outside the federal court's jurisdiction can come within it by virtue of an amendment," and § 1332(d)(7) as "similarly providing that an 'amended complaint' in a proposed class action may create '[f]ederal jurisdiction'").

All of Defendant's cited cases predate this clear Supreme Court authority, and Lyft struggles to reconcile its arguments with *Royal Canin*—positing that these clear recent statements from the Supreme Court are "'drive-by jurisdictional rulings' on issues not presented," Dkt. 46 at 10, so the Court should just ignore them and hold that its jurisdiction here is measured instead by non-operative pleadings. (An argument that still doesn't support dismissal, because Plaintiff Zigler had standing to assert the claims in the amended complaint when the original complaint was filed, as noted below.) On the contrary, the Court should follow this clear guidance from the Supreme Court and multiple other authorities and deny Defendant's motion to dismiss.

When the amended complaint was filed—and also when the original complaint was filed (though not required)—Plaintiff Zigler had standing to assert the claims in her amended complaint. Lyft's motion does not dispute that at *all* relevant times Plaintiff suffered a concrete injury in fact (the unjustified price premium, among other harms), that it was caused by Lyft, and that it can be redressed by the Court. Nothing more is required to establish standing. Even under Lyft's own assertion that the "Constitution demands that Article III standing exist at the outset of a lawsuit," Dkt. 46 at 1:25–26, Lyft's motion fails. At the outset of the lawsuit, Ms. Zigler had standing to assert the claims in the amended complaint—a fact that Lyft does not even try to dispute.[4]

Rather, Lyft tries to get around this inconvenient truth by arguing that Plaintiff Zigler did not have standing to assert the exact claims as framed in the original complaint. But no amendment could ever resolve jurisdictional issues if that were the relevant standard. And that is not the law, as

---

[4] Likewise, the "'facts on the ground' at the time of the original filing," Dkt. 46 at 10:19, were the same as at the time of the amended filing—that Plaintiff Zigler had been injured by Lyft's deceptive advertising. So even if courts are meant to pointlessly scrutinize every pleading that is amended as of right to determine whether the plaintiff may have lacked standing at the time the non-operative complaint was filed but gained it by amending as of right (and then dismiss all such cases so they can be refiled), here that inquiry would establish that Plaintiff Zigler always had standing and would not support Lyft's argument that the case should be dismissed.

JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

*Royal Canin* very clearly held.

The amended complaint is not a "brand-new lawsuit." Dkt. 46 at 3. It asserts the same consumer protection claims based on the same core theory as the original complaint: Lyft charges more for faster and more predictable arrival times but then does not deliver. Plaintiff Zigler also made corresponding modifications to the definition of the class she seeks to represent, and added Plaintiffs from other states, who allege additional claims under the consumer protection laws of those states and California, all based on the same type of misleading statements made by Lyft.

Amendments of this nature are commonplace and specifically authorized by Rule 15. *See* Dkt. 30 at 1–2; *see also Barnes & Noble,* 823 F. Supp. 2d at 985 (quoting *ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 96 (1st Cir. 2008)) (distinguishing authorities on amendment based on Rule 15 timing and observing that, "'where, as here, a plaintiff amends its complaint as of right, the Civil Rules operate mechanically, and the judge's authority over the case is not brought to bear'") (alteration omitted). Lyft attempts to distinguish *ConnectU* as addressing whether "a plaintiff who originally pleaded diversity of citizenship as a basis for jurisdiction could switch in an amended complaint to pleading federal question jurisdiction instead." Dkt. 46 at 10:10–14. But Lyft does not even attempt to explain why the same rules would somehow apply differently in those circumstances—ConnectU's whole point was that the rules *operate mechanically* regardless. Nor does Lyft offer any explanation for why a plaintiff would be allowed to switch from pleading diversity jurisdiction to pleading federal question jurisdiction, but would not be allowed to switch from pleading jurisdiction based on Lyft's deceptive marketing of a faster and more predictable ride called Priority Pickup to pleading jurisdiction based on Lyft's false marketing of a faster and more predictable ride with a different name.

Defendant's misreading of the law would write in an atextual exception to the federal rules' plain text, invalidate a massive number of amendments that Rule 15 allows as of right, and generate mountains of pointless work for courts and litigants, including refiling cases for no good reason and addressing arguments about superseded—rather than operative—complaints. *Cf. Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837 (1989) ("If the entire suit were dismissed, Newman–

JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

Green would simply refile … [it] should not be compelled to jump through these judicial hoops merely for the sake of hypertechnical jurisdictional purity."); *see also Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1046 (9th Cir. 2015) (citing cases where "defects in subject-matter jurisdiction were cured by the substitution, addition, or elimination of a party"). That is likely why the Court instructed Lyft to "direct its attention to the allegations contained in the FAC." Dkt. 42. (An instruction Defendant ignored.)

None of Defendant's authorities address remotely similar circumstances. Some of them even affirmatively reject Defendant's position. For instance, Defendant cites *CZ v. Vista Outdoor, Inc.*, 2022 WL 1211106 (D. Kan. Apr. 25, 2022), where the lower court dismissed the original plaintiff's claim for lack of standing because it was not a party to the contract at issue, and held that the correct party could not be substituted through an amendment as of right. *Id.* at *2-4. The Tenth Circuit affirmed the decision on other grounds but observed that the original plaintiff had power to amend the complaint to address the standing issue: "As Rule 15 permits, the original party, CZ USA, could have pursued a similarly straightforward strategy: File an amended complaint as a matter of course adding CZ Czech as a party-plaintiff to the litigation. But it did not do so." *See Ceska Zbrojovka Defence SE v. Vista Outdoor, Inc.*, 79 F.4th 1255, 1260 (10th Cir. 2023) (citing Michelle L. Nabors, Comment, *Relation Back of Amendments Adding Plaintiffs Under Rule 15(c)*, 66 Okla. L. Rev. 113, 120 (2013) (noting the Federal Rules "dictate that parties have wide latitude to correct and clarify pleadings")). The quoted language unambiguously supports Plaintiff's position and cannot be reconciled with Lyft's arguments. Lyft's attempt to belatedly distinguish its own authority by carefully asserting that the Tenth Circuit did not explicitly "reject[] Lyft's position here," Dkt. 46 at 9 n.3, does not change the fact that the Tenth Circuit did explicitly approve of Plaintiffs' interpretation of Rule 15, and that its statement cannot be reconciled with Lyft's position here.

Defendant's other cases address different procedural postures and different jurisdictional challenges. For instance, Lyft quotes out of context statements that "a plaintiff may not amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction, because a plaintiff may not create jurisdiction by amendment when none exists." *In re Flash Memory Antitrust Litig.*, 2010

JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

WL 2465329, at *3 (N.D. Cal. June 10, 2010). But *Flash Memory* did not address an amendment as of right under Rule 15(a). And Plaintiff Zigler did not amend the complaint to create jurisdiction where none existed; she has been injured by Lyft, in the same way she alleged, and the Court can redress it, *i.e.* she has standing and the Court has jurisdiction to hear her claims. She just amended the complaint to clarify the way in which she was injured by Lyft, and not in order to remove herself from the case and substitute a new plaintiff. Plaintiff Zigler remains a plaintiff and she asserts claims she undisputedly has standing to assert.

*Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018 (9th Cir. 2003) is equally inapposite. In that case, the district "court certified the class before the Supreme Court of Montana had ruled on whether the sole named plaintiff could even state a claim for relief." *Id.* at 1022. When the Supreme Court of Montana held that the plaintiff "has and had" no claim, the Ninth Circuit vacated the district court's certification of the class and remanded it with instructions to dismiss. *Id.* at 1023. Nothing about that decision suggests that Plaintiff Zigler cannot amend her complaint as of right under Rule 15(a) to clarify the way in which she was injured by Lyft. *See Staley v. Gilead Scis., Inc.*, 2021 WL 5906049, at *2 (N.D. Cal. Dec. 14, 2021) (Chen, J.) (distinguishing *Lierboe* from circumstances where named plaintiffs do have standing to assert claims). And *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assur. Co.*, 700 F.2d 889, 891 (2d Cir. 1983) granted a motion to dismiss a pension fund's ERISA claims because it concluded that the type of claims asserted could not be brought by pension funds, and refused to allow the pension fund to "amend" its claims to "substitute individual plan participants as plaintiffs." This has nothing to do with the circumstances here.[5]

*Almeida v. Google, Inc.*, 2009 WL 3809808 (N.D. Cal. Nov. 13, 2009) also does not address

[5] Similarly, neither *Hedayatzadeh v. City of Del Mar*, 2020 WL 7770910, at *4 (S.D. Cal. Dec. 30, 2020) nor *Evenchik v. Avis Rent A Car Sys., LLC*, 2013 WL 2301224, at *1 (S.D. Cal. May 24, 2013) addressed an amendment as of right under Rule 15(a). And both cases involved Plaintiffs who did not seek to replead their claims to clarify the basis for standing, but solely to add a new plaintiff. Notably, the factual record in *Hedayatzadeh* was much more developed. The defendant "produced records for thousands of individuals cited during the applicable time frame…, searched for and produced corresponding payment records for those thousands of citations," and "[d]espite this substantial effort, there is no record Defendant ever issued a ticket to Plaintiff, and no record Plaintiff ever paid a parking ticket to Defendant." *Id.* at *1. Lyft has produced no records.

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

an amendment as of right under Rule 15(a). In any event, the logic of the decision supports Plaintiffs' position, not Defendant's. The *Almeida* plaintiff sought to preempt arguments that he lacked standing by substituting another party as named plaintiff. The court "require[d] plaintiff to submit evidence sufficient to create an inference that he has standing," and held that "[i]f plaintiff does so, he can renew his motion to amend to substitute [a new party] as named plaintiff." *Id.* at *3. This reasoning would support a holding that Plaintiff Zigler can amend the complaint to clarify that she has standing, not a holding that she can never be allowed to clarify her allegations. And again, Plaintiff Zigler's amendment did not seek to substitute her with other Plaintiffs, it just clarified the nature of her claims. None of Defendant's authorities address remotely similar circumstances.

*Sundby v. Landau*, 2024 WL 3588528, at *1 (C.D. Cal. July 29, 2024) was brought by *pro se* Plaintiffs who failed to address Judge Scarsi's concerns about subject matter jurisdiction after plaintiffs first invoked diversity jurisdiction without showing diversity, then added a RICO claim. That has nothing to do with the circumstances here, where Plaintiff simply refined the description of facts supporting her claims to clarify how she was injured by Lyft's deceptive marketing. *iControl Networks, Inc. v. Alarm.com Inc.*, 2013 WL 9838105 (E.D. Va. Dec. 11, 2013) is similarly inapposite, involving a plaintiff that did not own the patent it sued to enforce.

Notably, Lyft's authorities do not "honor" any "difference between requiring plaintiffs to file a new lawsuit and allowing them to file an amended complaint," Dkt. 46 at 11:11–12, because the dismissed plaintiffs lacked standing to file a new lawsuit. And Lyft's "practical sense" arguments that forcing plaintiffs to pointlessly refile viable complaints will somehow prevent "improper procedural gamesmanship" *Id.* at 11:13–14, ignores the rules for marking cases related and Lyft's own motivations for making repeated motions to dismiss here. Apparently, Lyft believes that if the case is refiled it may be assigned to a different judge. *Cf. id.* (suggesting that plaintiffs could "unfair[ly] control the litigation" by waiting to see which judge is assigned, "accept[ing] a jurisdictional dismissal without prejudice" and then filing a new lawsuit).

**B. Plaintiff Ye Has Standing.**

Plaintiff Ye also has standing. As with Plaintiff Zigler, Lyft asks the Court to make factual

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

determinations about evidence that Lyft has submitted in support of its motion. Lyft uses its exceptionally detailed records about Plaintiff Ye's rides to find arguments about the exemplary rides alleged in the amended complaint. As with Plaintiff Zigler, Lyft does not challenge Plaintiff Ye's core claim that Lyft lied about pickup times and charged her a premium for faster arrival times that it did not deliver. Instead, it presents cherry-picked and one-sided information from its records to suggest that Plaintiff Ye lacks standing, while other information in its records surely shows that the opposite is true. Specifically, Lyft argues that because the price premium for certain of her Priority Pickup rides was covered through a Lyft Pink benefit she was not injured, and that she is mistaken about the exact details of certain rides.

Plaintiff Ye's declaration in opposition to Defendant's motion identifies numerous rides where she personally paid to upgrade to Priority Pickup. Ye Decl. ¶¶ 5-6. She also personally paid for other rides from Lyft. Ye Decl. ¶ 6. She recalls that the majority of her rides arrived late. Ye Decl. ¶ 4. Lyft is obviously aware of these facts based on its own detailed records of her rides, but still argues that this Court should dismiss her claims based on Lyft's incomplete and one-sided presentation of information from its records.

Moreover, even for rides Plaintiff Ye did not directly pay for because the premium was covered through a Lyft Pink membership, she still has been injured by Lyft's failure to deliver the Lyft Pink benefits that she signed up for—*i.e.*, Lyft injured her by depriving her of the benefit of the bargain she should have received through Lyft Pink. *See In re Facebook Priv. Litig.*, 192 F. Supp. 3d 1053, 1058 (N.D. Cal. 2016) (Article III standing for not receiving benefit of the bargain, even if there would be "significant difficulty proving damages under the benefit of the bargain theory"); *see also In re Google Referrer Header Priv. Litig.*, 465 F. Supp. 3d 999, 1011–12 (N.D. Cal. 2020) ("Plaintiffs have identified a concrete contractual duty that was allegedly owed to them and that was breached by Defendant; that suffices to demonstrate injury in fact at the pleading stage."). In other words, once Plaintiff Ye obtained a right to the extra value of a premium ride—regardless of how she obtained it—any action by Lyft that deprived her of that benefit inflicted an injury. So Plaintiff Ye was injured when Lyft rendered worthless and illusory the promised benefits

JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

provided by programs such as Lyft Pink. She is not any less harmed when Lyft's conduct renders this promised benefit entirely worthless than when Lyft directly charges for benefits it does not provide.

**C. Plaintiff Robey Has Standing.**

Plaintiff Robey also has standing. As with the other Plaintiffs, Lyft asks the Court to make factual determinations on the basis of evidence that Lyft has submitted in support of its motion. Again, Lyft does not challenge Plaintiff Robey's core claim that Lyft lied about Priority Pickup times and charged him a premium for faster arrival times that it did not deliver.

In fact, Lyft submitted detailed factual information *confirming* that Robey's October 8, 2024 Priority Pickup ride did not arrive at the advertised pickup time. Grasso Decl. ¶ 7. Lyft claims that after it changed the estimated pickup time to be later than the time it promised Plaintiff Robey when he chose the Priority Pickup fare, the "pickup time exactly matched the *refreshed* estimated pickup time." Dkt. 46 at 4:22 (emphasis added). But this only confirms that Lyft lied about the original arrival time, *i.e.* the ride *actually arrived* at the later "refreshed" estimated pickup time, and *not* at the original advertised time that Plaintiff Robey paid extra to secure. The fact that Lyft frequently "refreshes" the estimated arrival time to be later than the one it initially promised is why Plaintiffs are bringing claims for deceptive marketing. It is not a defense of Lyft's conduct that the rides do, in fact, arrive at the "refreshed" later pickup times.

Lyft also suggests that a few minutes' difference in arrival time is immaterial. But Lyft charges, and riders frequently pay, premium prices for rides to arrive as little as *one minute* faster. Am. Compl. ¶¶ 20-21 (screenshot examples showing $3 in extra charges for a fare that is advertised as arriving only one minute faster). So Lyft cannot argue that a few minutes difference is no big deal, when it charges exorbitant premium prices for every minute saved.

While not disputing, and in fact confirming, the core premise of Plaintiff Robey's claims, Lyft uses the same tactic of presenting cherry-picked information to suggest that Plaintiff Robey lacks standing, while its own records must show that the opposite is true. Lyft does not actually argue that Plaintiff Robey lacks standing, but it suggests that the Court should order Robey to

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

"substantiate his allegation that he personally paid for his asserted Priority Pickup ride." Dkt. 46 at 12:22–23.

Plaintiff Robey has standing for multiple reasons, including because he has suffered non-pecuniary injuries that are confirmed by Lyft's own submission. He also suffered injuries for the lost time value of any money that was eventually reimbursed, as discussed below. So no further information is needed to substantiate his allegations. Plaintiff Robey is nonetheless identifying numerous rides where he personally paid for Priority Pickup and other non-"Wait & Save" Lyft Rides. Robey Decl. ¶¶ 3, 8. Plaintiff Robey recalls that multiple rides that he personally paid for did not arrive faster or at the times Lyft promised. Robey Decl. ¶ 7.

Moreover, Lyft's contentions about potential reimbursement of Robey's rides are irrelevant. Even if the fares were subsequently reimbursed, Plaintiff Robey still suffered a concrete injury sufficient to establish standing. "[T]he temporary loss of use of one's money constitutes an injury in fact for purposes of Article III." *See Van v. LLR, Inc.*, 962 F.3d 1160, 1164 (9th Cir. 2020); *see also Van v. LLR, Inc.*, 61 F.4th 1053, 1064 (9th Cir. 2023) ("The question now is whether the loss can be for such a short amount of time or involving such a small amount of money that the loss is 'too trifling' to be a concrete injury. We answer that question: No."). Plaintiff Robey paid for his rides personally on personal credit cards. Robey Decl. ¶¶ 3–8. Some of these rides he later would submit for reimbursement. Robey Decl. ¶ 7. But even if the rides were later reimbursed, he would still have standing. *See Van I*, 962 F.3d at 1162 (rejecting argument that plaintiff "lacks standing because she received a full refund, less interest, on the money she was wrongfully charged").

In addition, regardless of whether fares were later reimbursed, Plaintiff Robey has suffered cognizable injuries under NY GBL §§ 349 & 350 and is entitled to statutory damages. *See In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 329 (S.D.N.Y. 2018) ("Plaintiffs may recover for lost *personal* time under the GBL . . . [and] Plaintiffs here may be entitled to statutory damages") (citing *Beslity v. Manhattan Honda, a Div. of Dah Chong Hong Trading Corp.*, 467 N.Y.S.2d 471 (N.Y. App. Term 1983)); *cf. O'Neill v. Standard Homeopathic Co.*, 346 F. Supp. 3d 511, 523 (S.D.N.Y. 2018) ("Plaintiffs' damages would not be mooted [if they received a refund],

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

as they may be entitled to the statutory minimum, which may well be greater than their actual damages.”).

There is no need for the Court to order any further substantiation, and it should deny Lyft's motion with respect to Plaintiff Robey's claims.

* * *

Finally, to the extent that the Court is inclined to grant Lyft's request for further factual investigation at this stage of the proceedings, the Court should order Defendant to produce the data in its possession that is the most detailed evidence on these issues—Plaintiffs' complete ride records, including data showing exactly which rides arrived later than advertised. *See, e.g.*, *Focht v. Sol Melia S.A.*, 2010 WL 3155826, at *1 (N.D. Cal. Aug. 9, 2010) (“Jurisdictional discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.”) (Chen, J.) (cleaned up). There is no reason to allow Lyft to waste everyone's time making serial motions to dismiss and asking for discovery beyond the pleadings while Lyft maintains a vast trove of relevant data that easily establishes standing, but that it refuses to produce.[6] *Cf. Hedayatzadeh v. City of Del Mar*, 2020 WL 7770910, at *4 (S.D. Cal. Dec. 30, 2020) (addressing standing issues related to claimed lack of injury only after defendant “produced records for thousands of individuals cited during the applicable time frame…, searched for and produced corresponding payment records for those thousands of citations,” and “[d]espite this substantial effort, there [wa]s no record” that the plaintiff was ever injured by the defendant. *Id.* at *1.

## II. All Plaintiffs Have Standing to Pursue Injunctive Relief.

In the Ninth Circuit, “a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer

[6] This data will show additional ways that Plaintiffs were injured by Lyft. For example, Plaintiffs were also injured in instances where Lyft creates a false impression that a ride arrived on schedule by ignoring cancelations of earlier ride requests that should be considered as part of the same transaction. *See, e.g.* Am. Compl. n.1. Plaintiffs cannot access all of this information because Lyft does not always make it available in the ride history. *Id.*

JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). As *Davidson* explained, "[k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Id.*

Plaintiffs allege that Lyft's misconduct is ongoing and that injunctive relief is necessary to prevent Lyft from continuing to engage in unlawful conduct to prevent future harm to Plaintiffs and the proposed classes. Am. Compl. ¶¶ 98, 107, 119, 127. Plaintiffs would like to pay more for rides that arrive faster, but so long as Lyft continues its deceptive and manipulative practices, Plaintiffs can only pay a price premium for a supposedly faster ride in the hopes that it might arrive faster. If Lyft's practices were transparent—such as with more accurate prediction times or time ranges where appropriate, and/or adequate disclosures of what Lyft's predictions are actually based on—then Plaintiffs would be able to make informed choices and purchase faster rides while avoiding unjustified price premiums. *See* Robey Decl. ¶ 10 ("I remain in the market for rideshare services, and I would purchase Lyft's rideshare services, including those marketed with faster and more predictable arrival times, if I could trust Lyft's representations. But I cannot do so because Lyft continues to deceptively market the arrival times of its rideshare services."); Ye Decl. ¶ 7 (same).

**III. All Plaintiffs Have Standing to Pursue Declaratory Relief.**

Defendants do not dispute that Plaintiffs have standing to seek declaratory relief under the CLRA, Cal Civ. Code § 1060 *et seq*., and under the Federal Declaratory Judgment Act, to invalidate Lyft's unconscionable dispute resolution provisions. *See* FAC Counts IV, IX, and X. Accordingly, the motion to dismiss should be denied so that Plaintiffs can seek a ruling on behalf of themselves and on behalf of the Terms class that Lyft's dispute resolution provisions, including their limitations on liability and purported arbitration clause, are void and unenforceable.

**IV. In the Alternative, Plaintiffs Should be Granted Leave to Amend.**

Plaintiffs believe there is no question that Plaintiffs have standing with respect to every claim asserted in the amended complaint, and that the motion to dismiss should be denied. However, to the extent the Court finds otherwise, Plaintiffs respectfully request leave to amend to plead more

JANOVE PLLC
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
115 Broadway, 5th Fl.
New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103

details along the lines included in their declarations submitted in opposition to the motion to dismiss and with additional allegations about the ways they were injured, and continued to be injured, by Lyft's deceptive marketing.

**CONCLUSION**

For the above reasons, Plaintiffs respectfully request that the Court deny Defendant's motion to dismiss in its entirety.

DATED: April 28, 2026

Respectfully submitted,

By: *<u>/s/ Liana Roza Vitale</u>*

**JANOVE PLLC**
Raphael Janove (SBN 361193)
raphael@janove.law
115 Broadway, 5th Floor
New York, NY 10006
Telephone: (646) 347-3940

Liana Roza Vitale (SBN 348772)
liana@janove.law
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
Telephone: (805) 505-9550

*Attorneys for Plaintiffs and the Proposed Classes*