United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRACY ZIGLER, et al.,

Plaintiffs,

v.

LYFT, INC.,

Defendant.

Case No. 3:26-cv-00575-EMC (KAW)

**ORDER REGARDING 7/28/26 JOINT DISCOVERY LETTER**

Re: Dkt. No. 81

On July 28, 2026, the parties filed a joint discovery letter pertaining to Lyft's pending motion to compel arbitration. (Joint Letter, Dkt. No. 81.) On July 30, 2026, discovery in this case was referred to the undersigned.

In anticipation of the motion to compel arbitration, Plaintiffs propounded interrogatories. (Joint Letter at 1.) This dispute primarily[1] concerns Interrogatory Nos. 9-11, which seek information to support Plaintiffs' anticipated argument that Lyft's dispute resolution terms are unconscionable. *Id.*

The Federal Arbitration Act ("FAA") "calls for a summary and speedy disposition of motions or petitions to enforce arbitration clauses." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 29 (1983). To this end, the "FAA provides for discovery . . . in connection with a motion to compel arbitration only if 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'" *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (quoting 9 U.S.C. § 4.) Following *Simula*, both "[d]istrict courts in

[1] The parties also briefly address interrogatories propounded by Lyft. (Joint Letter at 2-3.) Lyft, however, is willing to withdraw its discovery responses if the Court decides that no further discovery is necessary. (Joint Letter at 3.) Lyft's position is that if discovery is permitted then it should be reciprocal. *Id.*

the Ninth Circuit and the Ninth Circuit itself have allowed a party opposing a motion to compel arbitration to conduct discovery relevant to the issue of unconscionability." *Meyer v. T-Mobile USA Inc.*, 836 F. Supp. 2d 994, 1007 (N.D. Cal. 2011); *see Hoffman v. Citibank, N.A.*, 546 F.3d 1078, 1085 (9th Cir. 2008) (remanding case to district court to expand the record on procedural unconscionability); *Gilbert v. Bank of Am.*, No. C 13-01171 JSW (LB), 2014 U.S. Dist. LEXIS 165690, at *4 (N.D. Cal. Nov. 26, 2014) (permitting discovery as to procedural unconscionability); *McArdle v. AT&T Mobility LLC*, No. C 09-1117 CW (MEJ), 2013 U.S. Dist. LEXIS 40002, at *4-5 (N.D. Cal. Mar. 21, 2013) (acknowledging that discovery as to unconscionability is permissible). The scope of permissible discovery, however, is typically limited "to whether the plaintiff's specific agreement was unconscionable, finding that discovery as to agreements, disputes, arbitrations, and lawsuits related to other customers were improper." *Ye v. Uber Techs., Inc.*, No. 26-CV-01744-KAW, 2026 WL 2180145, at *2 (N.D. Cal. July 28, 2026) (collecting cases).

Here, Plaintiffs seek information regarding whether Lyft has pursued claims against other customers under the 2024 Terms' dispute resolution provisions. *Id.* Plaintiffs seeks this information to rebut Lyft's argument that the dispute resolution provisions apply equally to both parties, because a lack of mutuality can weigh in favor of finding the terms substantively unconscionable. *Id.* (citing *Bielski v. Coinbase,* 87 F.4th 1003, 1014-15 (9th Cir. 2023).)

In opposition, Lyft argues unconscionability is measured at the time the contract is made, and there is no dispute that the December 2024 Terms require both Lyft and its users to arbitrate their disputes and to participate in the pre-arbitration process. (Joint Letter at 2.) Thus, the number of times that Lyft has actually raised disputes under those Terms post-formation is irrelevant. *Id.* The Court agrees.

Plaintiffs' reliance on *Bielski* is misplaced. In *Bielski*, only users were bound by the dispute provisions, and the Ninth Circuit still found that the lack of mutuality regarding the pre-arbitration dispute procedures was not sufficient to render the terms substantively unconscionable. *Bielski,* 87 F.4th at 1014-15. Moreover, information sought regarding claims brought by or against other customers is outside the narrow scope of permitted discovery. *See Ye,* 2026 WL 2180145, at

United States District Court
Northern District of California

*2.

Thus, the Court denies Plaintiffs' request to compel supplemental responses to Interrogatories 9-11. As a result, Lyft's reciprocal discovery requests are deemed withdrawn.

This resolves Dkt. No. 81.

IT IS SO ORDERED.

Dated: August 20, 2026

KANDIS A. WESTMORE
United States Magistrate Judge